UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SALEEM AHMAD,

                      Plaintiff,

        -against-
                                      **ORDER DENYING LEAVE TO**
                                      **AMEND AND TERMINATING CASE**
LORETTA E. LYNCH, ATTORNEY     **14 CV 3793 (PKC)**
GENERAL OF THE UNITED STATES, *et al.*,

                      Defendants.

-------------------------------------------------------x

        The Court construes Plaintiff's Amended Complaint, filed on June 9, 2015 (Dkt. 10, Am. Compl.), as a request for leave to file an amended pleading. Upon consideration of Defendants' Opposition to Plaintiff's Amended Complaint (Dkt. 14), to which Plaintiff has filed no response, the Court DENIES Plaintiff leave to amend his Complaint and hereby terminates the case.

        Plaintiff, an asylee, brought the original mandamus action on June 18, 2014, seeking to compel the United States Citizenship and Immigration Services ("USCIS") to act on his Form I-485 application to adjust his immigration status ("I-485 Application") under 8 U.S.C. § 1159. (*See* Dkt. 1, Compl. at ECF 6, 8.) On May 14, 2015, while this action was still pending, the Texas Service Center ("TSC") of USCIS denied Plaintiff's I-485 Application based on his inadmissibility under 8 U.S.C. § 1182(a)(3)(B)(i)(1) (terrorist activity) and 8 U.S.C. § 1182(a)(6)(C)(i) (fraud or willful misrepresentation). (Am. Compl. ¶ 2.) On June 9, 2015, Plaintiff filed the Amended Complaint in this case seeking judicial review of the TSC's May 14, 2015 decision. (Am. Compl.) Defendants opposed Plaintiff's Amended Complaint, arguing that amendment would be futile because (1) the Court lacks jurisdiction to review the May 14, 2015 decision, and (2) Plaintiff has

failed to exhaust his administrative remedies. (Dkt. 14.) Because the Court finds that it lacks jurisdiction to review the May 14, 2015 decision, it does not reach Defendants' exhaustion ground.

Under the jurisdiction-stripping provision of the Immigration and National Act ("INA"), 8 U.S.C. § 1252(a)(2)(B)(ii), courts lack jurisdiction to review decisions specifically committed to the discretion of the Attorney General or Secretary of Homeland Security. Here, the USCIS denied Plaintiff's I-485 Application pursuant to 8 U.S.C. § 1159, which is a discretionary decision that falls under the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(ii). *See* 8 U.S.C. § 1159(b) ("The Secretary of Homeland Security or the Attorney General, *in the Secretary's or the Attorney General's discretion* . . . may adjust" an asylee's immigration status) (emphasis added); *see also Agbor v. Napolitano*, No. 08-cv-07801, 2009 WL 2432630, at *3 (S.D.N.Y. Aug. 7, 2009) ("This discretionary [§ 1159(b)] decision falls within the jurisdiction-depriving provision of 8 U.S.C. § 1252(a)(2)(B)(ii). Therefore the Court lacks jurisdiction to consider the merits of [USCIS's] denial of plaintiff's application.").

An exception to this general jurisdiction-stripping rule is found in 8 U.S.C. § 1252(a)(2)(D), which permits judicial review in limited circumstances where "constitutional claims or questions of law" are raised—*i.e.*, where the challenged issue underlying an otherwise discretionary decision is purely legal. *See Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013). In *Shabaj*, however, the Second Circuit made clear that to the extent that Plaintiff seeks such review under 8 U.S.C. § 1252(a)(2)(D), Plaintiff must file a petition for review in the appropriate *court of appeals*. *See id.* ("[W]hile [the Second Circuit] would have jurisdiction to review any constitutional claims or petitions properly raised in a petition for review, the *district court* did not

have jurisdiction to review [petitioner's] challenge to [USCIS's] discretionary hardship determination.") (emphasis in original).[1]

Thus, because (a) the Court lacks jurisdiction to review USCIS's denial of Plaintiff's I-485 Application, as any constitutional claim or question of law relating to Plaintiff's application must be brought before a court of appeals and not the district court, and (b) the original relief sought by Plaintiff was mooted by the USCIS's adjudication of his I-485 Application, the Court denies Plaintiff leave to amend his complaint and respectfully directs the Clerk of Court to enter judgment accordingly and terminate the case.

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 23, 2015
Brooklyn, New York

---

[1] The Court finds that the case relied upon by Plaintiff in its Amended Complaint to establish jurisdiction, *Sepulveda v. Gonzales*, 407 F.3d 59 (2d Cir. 2005), was decided before the REAL-ID Act introducing 8 U.S.C. § 1252(a)(2)(D) and therefore did not address that provision's requirement that constitutional claims or questions of law be raised with the *court of appeals*.